NUMBER 13-09-00661-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE SOUTHERN NURSERIES, INC. AND KATHY GARFIELD






On Petition for Writ of Mandamus






MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Per Curiam Memorandum Opinion (1)



 Relators, Southern Nurseries, Inc. and Kathy Garfield, filed a petition for writ of
mandamus in the above cause on December 10, 2009, through which they sought relief
from the trial court's denial of their motion to abate the trial of this matter until February 1,
2010. Relators further sought emergency relief in the form of a stay of the trial court's
order. On December 10, 2009, this Court granted relators' motion for emergency stay and
requested that real parties in interest file a response to the petition for writ of mandamus. 

 On December 14, 2009, relators filed a motion to dismiss their petition for writ of
mandamus because the trial court granted a continuance of the trial until February 1, 2010. 
Because the trial court's action disposed of all issues forming the basis of this proceeding,
there is no longer a controversy and relators' petition for writ of mandamus is moot. See
In re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes
moot if a controversy ceases to exist between the parties at any stage of the legal
proceedings . . . ."); State Bar of Texas v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994)
(stating that, for a controversy to be justiciable, there must be a real controversy between
the parties that will be actually resolved by the judicial relief sought).

 Accordingly, we grant relators' motion, lift the stay previously imposed by this Court
and dismiss relators' petition for writ of mandamus as moot. See Tex. R. App. P. 52.8(a). 


 PER CURIAM

Delivered and filed the 17th

day of December, 2009.
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).